## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

BRYAN ROSS SPEARS,

        Petitioner,

vs.                            Case No.:    3:13-cv-21-J-34JBT
                                                   3:11-cr-224-J-34JBT

UNITED STATES OF AMERICA,

        Respondent.

_____/

## <u>ORDER</u>

This case is before the Court on Petitioner Bryan Ross Spears's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1, Motion to Vacate)[1], filed by counsel for Spears on January 7, 2013.  The United States filed a Motion to Dismiss on March 27, 2014.  (Doc. 11, Motion to Dismiss).  Spears filed a Reply on April 10, 2014.  (Doc. 12, Reply).

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that an evidentiary hearing is necessary to resolve the merits of one of the claims at this time.  See <u>Aron v. United States</u>, 291 F.3d 708, 714–15 (11th Cir. 2002) (where a prisoner alleges facts that, if true, would entitle him to relief, a district court should order an evidentiary hearing unless the prisoner's claims are patently frivolous or

---

[1] Citations to Spears's criminal case file, <u>United States of America v. Bryan Ross Spears</u>, 3:11-cr-224-J-34JBT, are denoted as "Crim. Doc. ___."  Citations to Spears's civil § 2255 case file, 3:13-cv-21-J-34JBT, are denoted as "Doc. ___."

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before deciding on a § 2255 motion.

affirmatively contradicted by the record); <u>Dickson v. Wainwright</u>, 683 F.2d 348, 351 (11th Cir. 1982) ("On habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel.").[3]   The Court will take the remaining claims under advisement pending a Report and Recommendation.

On September 15, 2011, Spears pled guilty pursuant to a written plea agreement to one count of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2).   (Crim. Doc. 12, Plea Agreement at 1); (Crim. Doc. 31, Plea Tr. at 33-41).   Although Spears's advisory sentencing range under the United States Sentencing Guidelines was 121 to 151 months in prison (Crim. Doc. 32 Sentencing Tr. at 8), the Court sentenced him on January 9, 2012, to a term of imprisonment of 120 months (<u>id.</u> at 91-92).   Spears did not file an appeal.   Accordingly, Spears's conviction and sentence became final 14 days later upon the expiration of the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1)(A), <u>Adams v. United States</u>, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), or January 23, 2012.   Spears had one year from that date, or until January 23, 2013, to file a timely motion to vacate under 28 U.S.C. § 2255(f)(1).   Spears filed his Motion to Vacate on January 7, 2013, and the Motion to Vacate is therefore timely.

In Ground Four of his § 2255 motion, Spears contends that he specifically requested that his counsel file an appeal, and that counsel failed to do so.   The record confirms that no notice of appeal was filed in this case.   Nothing in the record conclusively

---

[3]   Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point.   Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

refutes this claim or proves it to be frivolous, and therefore the Court must assume the truth of the allegation for the purpose of determining whether to hold an evidentiary hearing. <u>Aron</u>, 291 F.3d at 714–15 (a district court should hold an evidentiary hearing unless the § 2255 movant's claims are frivolous or refuted by the record).  Moreover, there is some corroboration of Spears's allegation.  At the end of the sentencing hearing, the Court asked whether either party objected to the sentence or the manner in which it was imposed.  Defense counsel responded by stating that Spears had requested that he object to the sentence, but not to the manner in which it was imposed.  Sentencing Tr. at 99.  Thus, the record suggests that Spears may have had an objection to his sentence that he wished to address on direct appeal.

In <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000), the Supreme Court reiterated that when a defendant specifically instructs his attorney to file an appeal, and his attorney fails to do so, counsel performs in a manner that is <u>per se</u> professionally unreasonable.  <u>Id.</u> at 477 (citing <u>Rodriguez v. United States</u>, 395 U.S. 327 (1969)).  When a defendant neither specifically instructs his attorney to appeal nor specifically directs his attorney <u>not</u> to appeal, counsel has a duty to advise the defendant of the advantages and disadvantages of appealing if either (a) the defendant reasonably expressed an interest in appealing or (b) a rational defendant would have wanted to appeal, perhaps because non-frivolous issues were available.  <u>Flores-Ortega</u>, 528 U.S. at 477-80.  Counsel performs deficiently if he either fails to consult the defendant where the circumstances require, or where he does consult the defendant but fails to act in accord with the defendant's wishes.  <u>Id.</u> at 478-80.  To demonstrate prejudice, a defendant need only show a reasonable probability that he would have appealed; otherwise, prejudice is presumed because the attorney's

error has completely deprived the defendant of the opportunity to vindicate his rights on appeal. See id. at 483-84.

In applying Flores-Ortega, the Eleventh Circuit has held that it is irrelevant that a defendant has waived the right to direct appeals or collateral review. Gomez-Diaz v. United States, 433 F.3d 788, 792-93 (11th Cir. 2005) (vacating district court's denial of § 2255 relief and remanding for an evidentiary hearing on petitioner's Flores-Ortega claim, even though petitioner had agreed to an appeal-waiver); Hernandez v. United States, 212 F. App'x 832, 833-35 (11th Cir. 2006) (same). While a defendant's appeal waiver may result in any eventual appeal being dismissed, the Eleventh Circuit nevertheless requires an evidentiary hearing because the possibility remains there may be meritorious issues that fall outside the scope of the waiver, and because a defendant is not required to identify any meritorious appellate issues to establish prejudice under Flores-Ortega. Gomez-Diaz, 433 F.3d at 793.

Therefore, consistent with Flores-Ortega and Gomez-Diaz, this Court requests that the Honorable Joel Toomey, United States Magistrate Judge, conduct an inquiry in order to ascertain: (1) whether Spears specifically requested trial counsel to file a notice of appeal, thereby triggering counsel's duty to do so, (2) if Spears neither specifically directed his attorney to appeal nor affirmatively directed his attorney not to appeal, whether counsel consulted Spears in a reasonable effort to determine the client's wishes, and whether counsel acted in accordance with those wishes, and (3) if counsel did not consult with Spears under Question 2, whether counsel had a duty to do so either because (a) a rational defendant would have wanted to appeal, or (b) Spears reasonably

demonstrated to counsel that he was interested in appealing.  See Gomez-Diaz, 433 F.3d at 792-93; see also Flores-Ortega, 528 U.S. at 477-80.

At the hearing, the Court should hear testimony from Jeff Quisenberry (Spears's trial counsel in the underlying criminal case), Petitioner Bryan Ross Spears, and any other witnesses whose testimony the parties deem relevant to these proceedings.[4]  By separate order, Judge Toomey will set a date for the evidentiary hearing, and provide any other specifics deemed necessary.  Following the evidentiary hearing, the Court requests that Judge Toomey issue a Report and Recommendation as to whether trial counsel failed to file a notice of appeal in derogation of Spears's wishes.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED:**

1. Petitioner Bryan Ross Spears's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) is referred for an evidentiary hearing on Ground Four.

2. In all other respects, the Court takes Spears's Motion to Vacate under advisement pending completion of the evidentiary hearing.

3. Spears's Motion to Rule (Doc. 16) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of April, 2015.

MARCIA MORALES HOWARD
United States District Judge

---

[4]     As Spears is represented by counsel, no appointment of counsel is needed.

lc 19

Copies:

Honorable Joel B. Toomey
United States Magistrate Judge

Petitioner Bryan Ross Spears

Counsel of record

Jeff Quisenberry, Esq.